(Superior Court of Cincinnati.)

General Term.

THE OHIO MUTUAL LIFE ASSO-
CIATION, etc., v. MARY DRADDY.

(1).  It is the policy of the law to con-
strue certificates of health furnished
to a life insurance company favorably
to the applicant for insurance; and
when an applicant states in a renewal
certificate that he is to the best of his
knowledge, in the same sound condi-
tion of health as when last examined
by the company's physician, such cer-
tificate is not vitiated by reason of his
suffering at that time from some dis-
ease or injury, unless it appears that
he knew of such disease or injury,
and also knew that it affected his
sound health.

(2).  It will be regarded as error for a
trial judge to present special charges
to the jury by incorporating them in
his general charge, unless it affirma-
tively appear from the record that the
court was requested to give such
charges before argument to the jury,
and that the refusal to do so was the
subject of an exception.

(3).  In life insurance, sound health
means that state of health which is
free from disease or ailment that ser-
iously affects the general healthful-
ness of the system, as distinguished
from a mere indisposition; and the
statement to that effect by an appli-
cant for insurance who has no knowl-
edge of such ailment so far as he is
concerned.

(4).  Interrogatories as to illness, for
submission to a jury, which do not in-
clude a definition of sound health or
a definition of what constitutes an
ailment, may be properly refused by
the court.

JACKSON, J.; DEMPSEY and
MURPHY, JJ., concur.

This was an action brought by Mary
Draddy to recover, as beneficiary, the
sum of $1,000 upon a policy of insurance
issued by the Ohio Mutual Life Asso-
ciation upon the life of her husband,
Frank R. Draddy.

It is admitted that the said Frank R.
Draddy died on April 17, 1898, and that
he became a member of the said asso-
ciation on December 10, 1892.

It is, however, contended, on behalf
of the association, that at three dates
subsequent to the issuance of the policy
in question, namely, on February 1,
1896, August 3, 1896, and August 11, 1897,
the said Frank R. Draddy failed to pay
the premium when due on the said
policy, and that in each instance a re-
instatement was procured by the in-
sured signing a health certificate, and
that the deceased's membership in the
said association became void by reason
of certain alleged false statements made
by the deceased in the said health cer-
tificates.

The certificates in question are as
follows:

"This certifies that I am now, to the
best of my knowledge, in the same
sound condition of health as when last
examined by the physician of the Ohio
Mutual Life Association. I have not
now, and have not since said examina-
tion, any illness or injury, nor any
medical treatment, or any ailment
affecting my health, so far as I know.

"I make this statement, understand-
ing that if my lapsed membership in
said association is renewed it will be
upon faith in the foregoing representa-
tions, hereby waiving inquiry by the
association as to the foregoing warrant-
ed declarations. I also agree that the
association is not bound to accept any
future lapse payments from me, by rea-
son of doing so in this case."

It is conceded that prior to the time
of signing these renewal certificates
the deceased had suffered from a
stomach disorder of a more or less ser-
ious nature; but the evidence fails to
show that the deceased was told by any
of said physicians that his malady was
of a serious nature, and there is no evi-
dence tending to show that Draddy did,
in fact, know that he was being treated
for any serious trouble. The evidence
shows that the deceased was not at the
times in question confined to his bed.
On the contrary, he was at all times
able to pursue his ordinary vocation.
Nevertheless it is claimed by plaintiff
in error that the policy became vitiated
by reason of these facts.

The jury rendered a verdict in favor
of the plaintiff for the full amount of
the policy and interest.

Plaintiff in error claims prejudicial
errors in the following respects:

1.  Charge of the court.  (a) Error of
the trial court in his general charge to
the jury in construing the health certi-
ficate.  (b) Refusal of the trial court to
give the special charges requested by
plaintiff in error.  (c) Granting the
special charge requested by defendant
in error.

2.  Refusal to submit to the jury the
interrogatories requested by plaintiff in
error.

3.  That the verdict is clearly against
the weight of the evidence.

The charge of the court construing
said health certificate is as follows:

"My construction of the language of
these representations is that he is not re-
quired to enumerate any illness or in-
jury which did not affect his sound
health as I have previously described
it; that a mere indisposition, for in-
stance, is not covered by that; that the
same is true as to the medical treat-
ment referred to, it must have been

with respect to some illness. injury or ailment affecting such sound health; and if he suffered from any ailment as distinguished from an illness or injury, such ailment must have been one affecting such sound health. But inasmuch as the representations contained the phrase "so far as I know," even though the illness, injury or ailment affected his sound health, or the medical treatment was with respect to an illness, injury or ailment affecting his sound health, yet, if the said Draddy did not know, at the time he signed the certificates, that the injury, illness or ailment affected his sound health, or that the medical treatment was with respect to any injury, illness or ailment affecting his sound health, the representations are not untrue within the meaning of the certificate."

The contention of plaintiff in error is that the words "any illness or injury," and also the words "nor any medical treatment," are not qualified by the words "affecting my health;" that it is only the words "or any ailment," appearing in the last clause of the certificate, which is qualified by the words "affecting my health;" and that it was the duty of the applicant to make known any illness or injury whatsoever, or any medical statement which he had received.

We are unable to take this view of the construction of the certificate of health, and think the court properly construed the certificate in question.

It is the policy of the law to construe such certificates favorably to the applicant, and where there is any doubt as to the proper construction, that doubt should be resolved in favor of the applicant.

Plaintiff in error further alleges error on the part of the trial court in its refusal to give special charges marked A, D, E and F, on page 46 of the record. It is conceded that these charges were substantially given by the court to the jury in its general charge. Nevertheless it is contended that the court erred in not giving them to the jury before the arguments of counsel to the jury. The record, in this respect, states the following: "And thereupon counsel for defendant asked the court to give the following special charges." The failure of the court to give the special charges before the argument to the jury, under these circumstances, we do not regard as error. The precise question has been decided in Street Railway Company v. Jenkins, 29 Circuit Court, 256, the syllabus in which case is as follows:

"While it is the right of the party to have correct written instructions given by the court to the jury before the argument of the case to the jury commences, when properly asked, to constitute error as to this it must affirmatively ap-

pear from the record that the court was requested to give such instructions before the argument, and that its refusal to do so was the subject of an exception."

Although the instructions in question were presented to the court before the argument, the record fails to show that they were requested by counsel to be given to the jury before the argument began.

Plaintiff in error further alleges error in the giving by the court to the jury of the following special charge requested by defendant in error.

"In life insurance, 'sound health' means that state of health which is free from disease or ailment that seriously affects the general healthfulness of the system; not a mere indisposition.

"If you find that prior to February 1, 1896; August 3, 1896, and August 11, 1897, when he signed the three certificates mentioned in the answer, Frank R. Draddy had any illness or ailment and medical treatment therein, yet unless he knew at those dates respectively, that such illness or ailment seriously affected his general healthfulness—that is to say, if he honestly believed that he had been suffering from a mere indisposition, your verdict should be for the plaintiff."

So much of the charge in question as defines sound health is in the exact language of the supreme court of Ohio defining the term, "sound health," in the case of Metropolitan Life Insurance Company v. Howle, 43 Weekly Law Bulletin, 320. There is, therefore, no error in this respect.

So much of the charge in question as makes the knowledge of the deceased as to his having any serious ailment, a necessary element for the defense, we think, is also supported by the case of Bessie G. Hunter v. the International Fraternal Alliance, decided by this court and reported in 5 Ohio Nisi Prius, page 35, and cases therein cited.

The next error alleged is that the court erred in its refusal to submit to the jury three several interrogatories.

The first interrogatory is as follows:

"Did said Frank R. Draddy, whose life was insured by the policy sued on hereinhave any illness affecting his health between the time when he was examined by the physician of the defendant association for admission to membership therein, and the time that he signed any one of the three health certificates dated, respectively, February 1, 1896, August 3, 1896, and August 11, 1897, known to him at the time he signed any of said certificates?"

We think the court properly refused to give this interrogatory, because it fails to include therein a definition of sound health, which, under the facts and circumstances of the case, was a most important question for the jury to consider.

The second and third interrogatories are likewise objectionable in not containing a definition of what constitutes an ailment

[COPYRIGHT, 1901, BY CARL G. JAHN.]

affecting sound health, and would, there-fore, be misleading to the jury.

We see, therefore, no error in the refusal of the court in this respect.

The third ground of error, namely that the verdict is clearly against the weight of the evidence, must also be resolved against the plaintiff in error. The record fails to sustain the plaintiff in error's contention in this regard.

It follows that the judgment of the court below must. therefore, be affirmed.

Boyce & Boyd and M. C. Slutes, for Plaintiff in Error.

Wiloy & Wald, for Defendant in Error.